Good afternoon. If it pleases the court, my name is Edward Simpson, representing the appellant Mr. Hyler, the firm of Simpson & Jigness in San Francisco. This is a tax matter involving an oft-litigated issue of last known address. The service is required to send notices of taxpayer's last known address. That's by virtue of the Internal Revenue Code. We're really talking here about a battle of addresses. But there is a reg, as I understand it, that says that the commissioner can use or should use or must use the address in the last filed return. Is that correct or not? Well, it's not that he must use that. It is ordinarily a basis for sending out the notice of deficiency. However, under the circumstances, and actually the Ninth Circuit has dealt with this to some made clear, abundantly clear, that the totality of the circumstances related to the mailing of a notice. And there are really two essential questions that arise. One is, if there is some deviation, so to speak, in terms of argument from the later return, it's a question of whether or not there has been a clear and concise notification other than on another return. Isn't there an IRS form for change of address? There is. A specific form. It has nothing to do with the payment of taxes or deficiencies. It's just, hello, Internal Revenue, this is my new address. It's not a mandatory form, but there is a form. There is a form. There is a form. To my recollection, yes. You don't have to rely upon letters or phone calls or whatever. You can send that in. The beauty of that is if you file that, then there's no question. Assuming he... Was that done here? I'm sorry? Was that done here? No, it was not. Are you basing your case primarily on the fact that this Stone, was she a sister, that she told the IRS about a change of address, just orally told them, or are you basing it upon something else? There are two aspects of the exceptions we take to Judge Cohen's findings. First of all, there were two notices of deficiency issued. They both went to the Woodside address. Judge Cohen found, which we believe is unsupported by the record and have gone into considerable detail in the brief, Judge Cohen found that there was a notification, albeit nobody knows where it came from, but it's on the IRS records, that there was a change of address to Henry, Virginia, and it was recorded by the service the week of and that was 1998. Right after that, in September, and the evidence I think is... But on August 18th, 1998, the IRS received the 1997 return, right? And that return had the Woodside address in it.  But that was in August. Now, the communication that occurred between Ms. Stone representing Mr. Hiler and the actual revenue agent that was assigned to the audit occurred in September, where specifically she gave him directions, oral directions, that the address was to be changed to Henry, Virginia. The agent testified at the tax court trial and affirmed that his record showed without question that that was a change of address. Then what happened is, and this is what the government argues, that by the time the government got it on its computer with respect to the August 18th filing of the return, that the entry in the computer occurred in October, two and a half months later, and thus superseded the instructions given by Ms. Stone to Agent Rausch. So... All right. On the instructions to the agent, is there a legal issue there with respect to whether that is valid? In other words, does that bind... Does that bind to the IRS? There's case law, and we've cited several cases, yes, if it is clear and concise. And we believe it is clearly concise from the record. There just can be no doubt. Moreover, government counsel, government counsel on cross-exam... Well, no, on further direct examination, because there was some question, and he was that he cleared up any ambiguity about if there were any. I don't believe there was any ambiguity. But he cleared that up with further testimony that there was a clear direction and recorded in his work papers of the September instruction on the change of address, the change of address. Now, I might note, considering this, we're talking about two years, and the circumstances with respect to 1995 are slightly different than 1997. But to make another point, and this is fundamental to the error... Both the 95 and 97 returns used the Woodside address. Both, yes. That's correct. Was Ms. Stone anything other than a sister? Was she a legal representative or... Well, she was... Or something like that? Well, that became a matter of controversy in the trial, but throughout the audit process, there was absolutely no question that the IRS recognized her as a representative of Mr. Heiler. She received one of these notices of deficiency, didn't she? I'm sorry? She received one or more of these notices of deficiency. She received the 1995 notice of deficiency, but the record and the government acknowledges that Mr. Heiler... She never told Mr. Heiler about it, for whatever reason. So that's really not an issue in terms of where we are today in terms of this appeal. But there is one other... Two other important things. One is an issue of first impression before this court. In 1999, with respect to the 98 return, Heiler filed an application for an extension. And on that application for extension... The 4898? This is the 98 return. No, that's the form 4898? That was, right, an extension, yes. Right, the extension. But on that application, he used the Portola address, which he had moved in November 1998 from Woodside to Portola, and that application was filed with the service acknowledged as received. However... 4898 does not constitute notice to the IRS, is that right? Well, that's a legal issue that's never been decided by this court. However, there is a tax court case, which is cited in the brief. It's M-O-N-G-E, Monge, if that's how you pronounce it. In any event, the tax court has held, and there's limited authority on this, that an application for an extension does not put the IRS on notice. I might note that there were, and I haven't alluded to this yet, that this is critical to our dispute with Judge Cohen. She made a finding, as the brief will reflect, that there was some entries made in the IRS records that before the week of August 16th, there was a notification of a change of address to Henry, Virginia. Now, what she says about that, there is no basis for in the record because a Miss Allen from IRS testified about the entries, but she was simply going through an interpretation of the records. There is no support whatsoever with respect to what Judge Cohen relies upon as to who made the so-called change of address, when it was, who made it, and what record there is of that so-called change. And what Judge Cohen did, and where we take this exception with respect to Woodside matter, is that she says that the Henry address had been established by some unknown input into the computer. This is the week of August 16th or before. Then she says, well, because he filed the 1997 return later, that that then superseded the last known address instruction. There's no basis in the record at all for that. All right, Counsel, your time has expired.  We'll hear from the Commissioner. Good afternoon, Your Honor. Bethany Hauser for the Commissioner of Internal Revenue. I'd like to start by clarifying that the Commissioner is entitled to rely upon the last, the address used in the last return. That's a well-established principle, not from the regulations, but from the precedents of this Court, particularly King and Zola are useful in that. That's the starting point for the analysis. And then the question is, is there a basis in the record  And the answer to that question is whether the taxpayer has provided clear and concise notice of a change in address since that return. How does the taxpayer tell the IRS of the change of address besides that form? Well, the most reliable way would be the form. But any, the general requirements are any communication that includes the taxpayer's new address, the taxpayer's old address, and the information that it is a new address. Filing a notice or request for extension time doesn't count? No, it doesn't. Specifically in the regulation, that particular form is referred to in the regulation and it says it doesn't count. But in general, that form also doesn't meet those requirements, at least in this case, because it doesn't list the old address and there's no indication that it's a new address. I'm intrigued that apparently oral notice may be adequate. Do you agree with Counsel? There is case law that oral notice may be adequate if it's found to exist. The problem for taxpayers with oral notice is proving that oral notice happened. And that's the problem in this case, too, because despite what Mr. O'Reilly's attorney has just explained to you, or just argued here, there is no evidence. The tax court did not clearly find that there was some September directive. She clearly found that the agent, Revenue Agent Rauch, clearly testified that he spoke with Ms. Stone in September and that they talked about a change of address. But it's not clear. He couldn't remember, and she didn't testify about it at all, and he couldn't remember whether she had said, by the way, I filed a change of address form back in August and I'd just like you to know about that, or whether she gave him a directive to change the address in the files. Let me see if I've got these dates essentially correct. On August 16th, the representative sent in a change of address? I believe August 16th is the beginning of the week during which the IRS made an update in its records, changing taxpayers' address. And then on the 18th, it gets his 97 return. It's got the old address on it. Exactly. In February of 99, Hyler files an administrative claim with the IRS claiming that they abused him or something like that? Yes. I'm not sure if the administrative claim was filed in February, but she filed an administrative claim that went through the Taxpayer Advocate's Office. It lists the Portola address. Yes. And then he files a formal claim in July of 99. It also lists Portola. Yes, that's right. And these are items to alert the government that the taxpayer has some claims about the way in which the government has done its business, right? Yes. And without necessarily accepting accuracy of the label, this is not the most laid-back, noncombative taxpayer the IRS has ever encountered, right? That would be correct. This is a guy that litigates left, right, and forward. Apparently, yes. In August of 99, he sends a 4868 listing Portola? I believe the 4868 is the extension of time that would have been sent in April to extend the time to August. I just have down that August 18, he sends a 4868 extension listing Portola. That was probably filed by the 15th of April. It would have been late if it was filed in August. I believe he's argued that it was late. Where do these, when he's filing these claims and these deficiency things, where do they go? They go into, I don't know exactly, they go into IRS processing centers. The reason that you have to indicate that something is a new address in order to change your address with the IRS is because otherwise every document the IRS got that had an address listed on it, even if you lived in the same place for 25 years, every time they got an address, they would have to go enter it into the computer and check it against the last document they got. Anything preventing the Revenue Service from sending these notices of deficiencies to more than one address? Simply the administrative burden of doing it in every case where there might be some question would obviously become enormous. But is there any legal impediment to doing that? No, there is not. Or any legal consequence? If they send it to three addresses and one of them is right and two of them is wrong, is their notice sufficient? The Commissioner has to be concerned that they not be revealing information widely to unconcerned parties because there are consequences involved with that. If they're mailing information to all kinds of people who might not be the taxpayer. But no, there's no specific... Do you know whether any of these notices that were sent to Woodside came back? There was some evidence on that. There was some evidence... In other words, came back saying there's nobody here, we can't deliver it? There's no evidence of that, no. Did the Commissioner raise any issue about the fact that at least one notice was sent to this Virginia address where Ms. Stone lived and she just accepted it and didn't tell the taxpayer about it? Yes, that was discussed in the case. It's established that just sending the notice to the... It's established by the case law that just notifying the taxpayer's representative is not sufficient unless the taxpayer himself gets actual notice. But it went to that address where she said he was... It's certainly an irony of the case that if the Commissioner had done exactly what the taxpayer is now arguing, it seems likely that Ms. Stone would have received these documents and not told her brother about them because, as she testified, she didn't tell him about the other one. She thought it would worry him. So it's certainly an irony of the case that even if the Commissioner had done everything the taxpayer is now arguing he should have done, the result would have been exactly the same and she would have, in all likelihood, sat on those documents. But it's not a legal case. Did he ever live at that Virginia address? There's no evidence that he ever lived at that Virginia address. I would also like to point out that if the Commissioner had, in September or October or August of 1998, realized that they were getting all this conflicting information from Ms. Stone, Mr. Hyler, about where he lived, where he should live, and had attempted to investigate the question then, what they would have discovered was that he was still living in Woodside, California. So if the Commissioner had made further efforts in that direction, they would have come to the same result that occurred in this case. And there are no questions about the other information. Thank you for your time. Thank you, Counsel. The case just argued will be
judges: O'scannlain, Siler , Hawkins